# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| JUANITA ROGERS, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 2:19-cv-345-TFM-B |
| YOLANDA GORY, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiff's Motion to Remand the Case Back to State Court for Lack of Subject-Matter Jurisdiction* that was filed by Plaintiff Juanita Rogers ("Plaintiff"). Doc. 7, filed August 8, 2019. Plaintiff requests the Court remand this matter to the Circuit Court of Dallas County, Alabama, because Defendant Yolanda Gory is an Alabama citizen and is not fraudulently joined, and the Court lacks diversity jurisdiction. *Id.* Also pending before the Court is *Defendant's Motion to Strike Affidavit of John T. Stamps, III*, that was filed by Defendant Family Dollar Stores of Alabama, LLC.[1] Doc. 14, filed September 3, 2019. Family Dollar requests the Court strike certain portions of the Affidavit of John T. Stamps, III, that was submitted in support of Plaintiff's motion to remand because the affidavit purports to offer testimony about Mr. Stamps's beliefs about liability in this case and the state of Alabama law in regard to premises liability cases. *Id.* Having considered the motions, the responses thereto, and the relevant law, the Court finds both motions are due to be **GRANTED**.

---

[1] Family Dollar states it is incorrectly identified in Plaintiff's Complaint as "Family Dollar Stores of Alabama, Inc." Doc. 1 at 1 n.1; Doc. 13 at 1 n.1; Doc. 14 at 1 n.1. Accordingly, the **CLERK OF COURT** is **DIRECTED** to **AMEND** the docket sheet to reflect Family Dollar Stores of Alabama, LLC, is the proper defendant in this matter.

# I. PROCEDURAL BACKGROUND

On May 24, 2019, Plaintiff filed her Complaint in the Circuit Court of Dallas County, Alabama, in which she brought claims of negligence and wantonness against Yolanda Gory ("Gory"), Family Dollar Stores of Alabama, Inc. ("Family Dollar"),[2] and fictitious parties.[3] Doc. 1-1. On July 10, 2019, Family Dollar filed its notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, in which Family Dollar contends this Court has subject matter jurisdiction of this matter based on diversity of citizenship because Gory was fraudulently joined. Doc. 1 ¶¶ 6-29.[4]

On August 8, 2019, Plaintiff filed her motion to remand and brief in support, to which Family Dollar timely filed its response. Docs. 7-8, 13. Plaintiff timely replied. Doc. 16. On September 3, 2019, Family Dollar filed its motion to strike, to which Plaintiff timely filed its response. Docs. 14, 17. Both motions are fully briefed and ripe for review, and the Court finds oral argument unnecessary.

# II. STANDARD OF REVIEW

> An action in state court may be removed to federal court when the federal courts have diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed. *See Lincoln Prop. Co. v. Roche*, [546 U.S. 81] (2005) (*citing* 28 U.S.C. § 1441(b)). Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete

---

[2] As the Court previously noted, Family Dollar was incorrectly identified in Plaintiff's Complaint as Family Dollar Stores of Alabama, Inc.

[3] Fictitious party pleading is not generally recognized under the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 10(a); 28 U.S.C. § 1441(a); *Rommell v. Auto. Racing Club of Am., Inc.*, 924 F. 2d 1090, 1098 n.14 (11th Cir. 1992). Additionally, the citizenship of fictitious defendants cannot be used to determine diversity of citizenship. 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

[4] As stated in the Notice of Removal, Gory consents to Family Dollar's removal but contends her consent is not required. Doc. 1 at 1 n.2.

diversity of citizenship.

> When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. The plaintiff is said to have effectuated a "fraudulent joinder," *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may appropriately assert its removal diversity jurisdiction over the case. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Id*. The defendant must make such a showing by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F .2d 474, 478 (5th Cir. 1962).

*Henderson v. Wash. Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

The burden of proving fraudulent joinder is a heavy one that requires the court to evaluate the parties' factual allegations and submissions in the light most favorable to the plaintiff and resolve all uncertainties about state substantive law in favor of the plaintiff. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The court must make "these determinations based on the plaintiff's pleadings at the time of removal" but may "consider affidavits and deposition transcripts submitted by the parties." *Id.*

"The proceeding appropriate 'for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56." *Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005) (citations omitted). In making this determination, the Court considers "the plaintiff's pleadings at the time of removal, *supplemented by any affidavits . . . submitted by the parties*." *Id.* (emphasis in original) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). But, even so, "the jurisdictional inquiry 'must not subsume substantive determination.'" *Crowe*, 113 F.3d at 1538 (quoting *B, Inc. v. Miller Brewing Co.*, 663

F.2d 545, 548-49 (5th Cir. Unit A 1981)).[5]  "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  *Crowe*, 113 F.3d at 1538 (citing *B, Inc.*, 663 F.2d at 548-49); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.").

### III.  DISCUSSION AND ANALYSIS

The Court will first address Family Dollar's motion to strike and then will address Plaintiff's motion to remand.

**A.  Motion to Strike**

Family Dollar requests the Court strike certain portions of the Affidavit of John T. Stamps, III, that was submitted in support of Plaintiff's motion to remand because the affidavit purports to offer testimony about Mr. Stamps's beliefs in regard to liability in this case and the state of Alabama premises-liability law.  Doc. 14.  Family Dollar argues Mr. Stamps's assertions as to Alabama law and the determination of liability are not the proper subject of expert testimony, Mr. Stamps's assertions as to how he has conducted discovery in other cases are irrelevant, Mr. Stamps's belief that Gory was responsible for the accident is improper and not based on personal knowledge, and Mr. Stamps's assertions as to Gory's failure to identify responsible persons in her affidavit are not factual assertions.  *Id.*  In response, Plaintiff argues Mr. Stamps's affidavit complies with Fed. R. Civ. P. 11 and is relevant in the context of a fraudulent joinder claim.  Doc.

---

[5] The Eleventh Circuit has adopted as binding precedent the decisions of the Fifth Circuit that were decided prior to September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

17 at 1-4. Alternatively, Plaintiff argues a motion to strike is not the proper method to challenge affidavits. *Id.* at 4. [6]

Since a claim of fraudulent joinder is analyzed under a summary judgment standard, the Court will look to Fed. R. Civ. P. 56 standards to evaluate Mr. Stamps's affidavit. "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56 (c)(4). "If a party fails to properly support an assertion of fact . . . as required by Rule 56(c), the court may . . . issue any other appropriate order." FED. R. CIV. P. 56(e)(4).

The Court notes Family Dollar does not specifically identify Mr. Stamps's statements to which it objects, but generally identifies them. Since Family Dollar only generally identifies statements, the Court will address each of its arguments and then generally grant or deny its motion to strike insofar as Mr. Stamps's statements in his affidavit are inadmissible.

As to Family Dollar's argument that Mr. Stamps's assertions as to Alabama law and the determination of liability are not the proper subject of expert testimony, the Court notes Mr. Stamps has not been proffered as an expert. However, Mr. Stamps purports to offer legal analysis, argument, and conclusions that are based on his specialized knowledge as a lawyer. An expert

---

[6] The Court notes, for the parties' future reference, due to the 2010 amendments to Fed. R. Civ. P. 56, a motion to strike exhibits that are attached to a motion for summary judgment is no longer necessary. *See* FED. R. CIV. P. 56, (2010 advisory committee notes) ("Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike."). Therefore, the Court will not address Plaintiff's argument that a motion to strike is not the proper method to challenge affidavits.

witness may offer an opinion if, among other things, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702(a). In this case, the subject matter about which Mr. Stamps testifies is Alabama premises-liability law but the Court determines the law to be applied and its application, so Mr. Stamps's legal analysis, argument, and conclusions do not assist the Court to understand the evidence nor determine a fact in issue. Accordingly, Family's Dollar's objection to Mr. Stamp's affidavit assertions as to Alabama law and the determination of liability is sustained.

As to Family Dollar's argument that Mr. Stamps's assertions as to how he has conducted discovery in other cases are irrelevant, such assertions do not have a "tendency to make a fact more or less probable than it would without the evidence," which in this case is whether Gory bears responsibility for Plaintiff's injuries. FED. R. EVID. 401(a). Accordingly, Family's Dollar's objection to Mr. Stamp's affidavit assertions as to how he has conducted discovery in other cases is sustained.

Family Dollar's argument that Mr. Stamps's belief that Gory was responsible for the accident is improper and not based on personal knowledge is sustained. *See* FED. R. EVID. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Mr. Stamps's belief as to a fact is not based on knowledge of the matter and does not make a fact more or less probable. *See* FED. R. EVID. 401(a) ("Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence.").

Finally, Family Dollar's argument that Mr. Stamps's assertions as to Gory's failure to identify responsible persons in her affidavit are not factual assertions is sustained. *See id.*

("Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence.").[7]

**B.     Motion to Remand**

Plaintiff argues this matter should be remanded to the state circuit court because this Court lacks diversity jurisdiction. Doc. 8. Plaintiff, an Alabama citizen, alleges Gory, who Plaintiff alleges was the manager of the Family Dollar store location at which the underlying events of this action occurred, is also a citizen of Alabama. Doc. 1-1 ¶¶ 1, 2, 4. However, Family Dollar argues Gory was fraudulently joined as a defendant in this matter because Gory was not present at the subject Family Dollar store on October 20, 2017, the date of the underlying events of this action. Doc. 1 ¶¶ 11, 13. In support of Family Dollar's argument, it submitted Gory's affidavit in which she states she was employed as the subject Family Dollar store manager on October 20, 2017, but she was not present at the store and did not have either job duties or responsibilities on that date. Doc. 1-4 ¶¶ 2, 3.

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement. The amount in controversy is not an issue, thus the Court looks to the diversity of citizenship.

Plaintiff is "the master of the complaint and is free to avoid federal jurisdiction, by structuring [her] case to fall short of a requirement of federal jurisdiction. [Courts] permit this so

---

[7] The Court notes much of Mr. Stamps's affidavit should be presented as arguments in a legal brief rather than as factual assertions in an affidavit.

long as the method of avoidance is not fraudulent." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal citations and quotation marks omitted). Family Dollar argues Gory was fraudulently joined because Plaintiff cannot establish a cause of action against Gory. "A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that '(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Henderson*, 454 F.3d at 1281 (quoting *Crowe*, 133 F.3d at 1538).

Plaintiff alleges Gory is the manager of the subject Family Dollar store and is "responsible for the upkeep and maintenance of the store grounds." Doc. 1-1 ¶ 4. Plaintiff further alleges she "slipped on what appeared to be a dirty sticky substance and violently fell" and the substance "appeared to have been in place a substantial period of time before her fall." *Id.* ¶¶ 7, 8. Finally, Plaintiff alleges, as a result of Gory's failure to properly maintain the premises of the subject Family Dollar store, Plaintiff "suffered a severe fall and traumatic physical injuries requiring medical treatment." *Id.* ¶ 9.

After applying the summary judgment standard by resolving all factual disputes in favor of the plaintiff, the Court is unable to conclude that an Alabama court would not find Plaintiff's Complaint states a cause of action against Gory.

Alabama courts have previously found that a storekeeper must exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers. *See, e.g., McCombs v. Bruno's, Inc.*, 667 So. 2d 710, 712 (Ala. 1995) ("The rule of law for cases such as this is that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers."). Alabama courts have recognized a store manager qualifies as a storekeeper under Alabama law. *See Kimbrough v. Dial*,

Civ. Act. No. 06-0585-WS-C, 2006 U.S. Dist. LEXIS 89950, *9-10, 2006 WL 3627102 (N.D. Ala. Dec. 8, 2006) (citing *Boyd v. Wal-Mart Stores, Inc.*, 710 So. 2d 1258 (Ala. Civ. App. 1997) and *Waters v. Anthony*, 40 So. 2d 316 (Ala. 1949)). Further, other similarly situated federal courts that applied Alabama law have remanded personal injury actions in similar cases. *See Fuchsberger v. Love's Travel Stops & Country Stores, Inc.*, Civ. Act. No. 3:16-cv-545-TFM, 2016 U.S. Dist. LEXIS 158503, 2016 WL 6804896 (M.D. Ala. Nov. 16, 2016); *Parker v. Lowe's Home Ctrs.*, Civ. Act. No. 1:13-cv-553-WKW, 2013 U.S. Dist. LEXIS 154785, 2013 WL 12404904 (M.D. Ala. Oct. 29, 2013); *McDonnell v. Cracker Barrell Old Country Store, Inc.*, Civ. Act. No. 06-0798-WSM-M, 2007 U.S. Dist. LEXIS 8204, 2007 WL 314492 (S.D. Ala. Jan. 31, 2007); *Kimbrough*, 2006 U.S. Dist. LEXIS 89950, 2006 WL 3627102.

Accordingly, the Court finds Family Dollar has not met its heavy burden on removal to prove Plaintiff fraudulently joined Gory, and this matter must be remanded.

### IV. <u>CONCLUSION</u>

Based on the foregoing analysis, Plaintiff's motion to remand (Doc. 7) is hereby **GRANTED**, and this matter is **REMANDED** to the Circuit Court of Dallas County, Alabama. The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this 6th day of February 2020.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE